# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYRONE LAVON KEYS, # 13222-040, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Case No. 19-cv-94-NJR |
| T.G. WERLICH, | ) ) ) |
| Respondent. | ) ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Tyrone Lavon Keys, a federal inmate currently housed at FCI-Greenville, Illinois, filed his Petition for writ of habeas corpus under 28 U.S.C. § 2241 on January 28, 2019. (Doc. 1, p. 13). Keys invoked *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *United States v. Ritchey,* 840 F.3d 310 (6th Cir. 2016), to argue that his prior Michigan conviction for breaking and entering no longer qualifies as a predicate offense to enhance his federal sentence under the Armed Career Criminal Act (ACCA). Respondent concedes that the Petition should be granted and further agrees that Keys is entitled to immediate release from custody. (Doc. 12, pp. 2-3, 22-23).

In March 2008, Keys pled guilty in the Western District of Michigan to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). *United States v. Keys*, Case No. 07-cr-0045-GJQ-1. The court found that he had three prior felony convictions which triggered the armed-career-criminal enhancement under 18 U.S.C. § 924(e): (1) Assault with Intent to Rob While Armed; (2) Breaking and Entering with Intent, in violation of Mich. Comp. Laws § 750.110; and (3) Controlled Substance Delivery or Manufacture of Less than 50 grams of Cocaine. *Keys*, Case

1

No. 07-cr-0045-GJQ-1, Docs. 71-72. The ACCA enhancement carried a statutory mandatory minimum prison sentence of 15 years, plus a supervised release term of up to five years. 18 U.S.C. § 924(e)(1). Without the career-criminal enhancement, the statutory *maximum* sentence was only ten years, with a supervised release term of up to three years. 18 U.S.C. § 924(a)(2). The court calculated Keys's sentencing guideline range at 262-327 months, based on the career-criminal enhancement. *United States v. Keys*, Case No. 07-cr-0045-GJQ-1 (Doc. 72, p. 1). In August 2008, Keys was sentenced to 262 months in prison, to be followed by a five-year term of supervised release. *United States v. Keys*, Case No. 07-cr-0045-GJQ-1 (Doc. 81).

In the wake of the Supreme Court's opinion in *Mathis v. United States*, 136 S. Ct. 2243 (2016), the Sixth Circuit held that Michigan's statute on breaking and entering a building with intent to commit a felony, Mich. Comp. Laws § 750.110, was indivisible and encompassed conduct broader than generic burglary, by allowing a conviction for entry to such places as a tent, boat, warehouse, shipping container, or railroad car. *United States v. Ritchey,* 840 F.3d 310 (6th Cir. 2016) (reversing previous circuit law allowing Section 750.110 conviction to serve as an ACCA predicate if *Shepard* documents showed it was a generic burglary). A conviction under that statute therefore could no longer be counted as a predicate "violent felony" offense to enhance the sentence for a felon in possession (18 U.S.C. § 922(g)) to the 15-year mandatory minimum under 18 U.S.C. § 924(e)(1). *Ritchey*, 840 F.3d at 318-21; 18 U.S.C. § 924(e)(2)(B)(ii).

Keys previously attempted to challenge his sentence enhancement based on the Michigan breaking and entering conviction by seeking permission to bring second/successive Section 2255 motions. While the Sixth Circuit rejected those attempts, it noted that the *Ritchey* opinion supported his argument. *In Re Keys*, Appeal Nos. 16-1134/16-1172, Doc. 14-2, p. 2 (Feb. 22, 2017).

Respondent asserts, in order to preserve the issue, that the plain language of the savings clause in 28 U.S.C. § 2255(e) bars an attack on a criminal judgment through a Section 2241 petition. (Doc. 12, pp. 7-13). Nonetheless, in Keys's case only, Respondent waives his non-jurisdictional defenses to Keys's ability to satisfy the criteria of the savings clause. (Doc. 12, pp. 13-18).

Respondent notes that before the *Ritchey* opinion, Keys was foreclosed by binding Sixth and Seventh Circuit precedents from asserting his *Mathis*-type challenge to the breaking and entering statute. (Doc. 15, pp. 15-17). Further, when the predicate breaking and entering offense is discounted, Keys's statutory maximum sentence becomes only 120 months. Keys has already served more than this maximum unenhanced sentence for violating 18 U.S.C. § 922(g), during his incarceration on the original 262-month sentence. (Doc. 15, p. 17). This constitutes a "fundamental defect" that is grave enough to be a miscarriage of justice, satisfying the criteria for relief under the savings clause. *See Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998).

Respondent concedes that the Petition should be granted, that Keys is entitled to immediate release from the Bureau of Prisons, and that he would be eligible for a reduction in his period of supervised release from five years to three years. (Doc. 12, pp. 17-18; 22).

## MOTION FOR IMMEDIATE RELEASE (DOC. 7)

This motion filed by Keys requests an expedited ruling on the Petition as well as immediate release. (Doc. 7). The motion is **GRANTED** insofar as this Order grants all the relief sought in the motion.

## CONCLUSION

In view of Respondent's concession, the Court **GRANTS** the Petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) and **ORDERS** the following relief:

1. The 262-month armed-career-criminal enhanced sentence imposed upon Tyrone Lavon Keys by the Western District of Michigan in Case No. 07-cr-0045-GJQ-1 is **VACATED**.

2. Keys shall be resentenced forthwith by the Western District of Michigan, Southern Division.

3. Keys shall be immediately released from the Bureau of Prisons.

4. The Clerk of Court shall enter judgment in favor of Keys.

5. The Clerk of Court is **DIRECTED** to furnish copies of this Order and the Judgment entered in this case to the Bureau of Prisons, the United States Attorney for the Western District of Michigan, and the Clerk of the District Court for the Western District of Michigan for filing in Case No. 07-cr-0045-GJQ-1.

**IT IS SO ORDERED.**

**DATED: April 22, 2019**

*[signature]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**